COHEN *v.* COHEN

[No. 194, October Term, 1949.]

522

*Decided June 8, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*R. Lewis Bainder* for the appellant.

*Milton S. Goldbloom* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order overruling a demurrer to a bill of complaint seeking to impress with a trust certain leasehold property conveyed by the complainant

and her deceased husband to her son upon an alleged agreement to support, and for an accounting.

The bill alleges that by deed dated August 10, 1942 David Cohen and Sarah Cohen, his wife, conveyed the property 1647 North Smallwood Street, which they owned as tenants by the entireties, to their son Abraham, subject to a ground rent of $75.00 and a mortgage on which a balance of $1,000 was unpaid; at that time David Cohen was 83 years of age and his wife 78; Abraham "induced" his parents to make the conveyance, in consideration of his promise to "provide for your complainant and her husband for the remainder of their natural lives; that your complainant would have a home, security in her old age, food and clothing for her natural life, to be provided by the defendant, Abraham Cohen; that no cash payment was made by the said Abraham Cohen to the complainant and her husband; that in addition cash and securities of an unascertained amount were turned over to the defendant, Abraham Cohen, by the said David Cohen, his father, the consideration being that he provide for the complainant and her husband for the remainder of their natural lives." The conveyance was not a gift and the grantors were not in any way indebted to the grantee.

The bill further alleges that the complainant cannot read or write English, had no benefit of legal advice, is inexperienced in business matters and put "every confidence" in her son; that David Cohen died on April 4, 1943 and the complainant continued to reside in the premises with a daughter, who paid the ground rent, taxes, interest on the mortgage and insurance, and made repairs and improvements in the approximate amount of $500.00; that another child contributed $122.00 towards the installation of an oil burner in 1947. In the latter part of 1948 Abraham Cohen rented the house and compelled the complainant and her daughter to vacate; she was compelled to seek shelter with one of her other children; in 1944, he executed a second mortgage on the property to his brother-in-law to secure a loan of

$1,000.00; that the complainant is informed that he is about to sell the house; that he has refused to comply with his agreement on demand.

By stipulation, it was agreed that the respondent executed a contract on October 21, 1949 to sell the premises to Mack Whitley and Anna Whitley for $5,750. The bill was filed on November 14, 1949. On November 29, 1949 an order of court was passed authorizing a conveyance to these purchasers and directing that the net proceeds be paid into court without prejudice to the rights of the parties. The demurrer was filed on December 8, 1949.

The appellant relies chiefly upon the Statute of Frauds as a bar to the suit, upon the ground that an oral agreement cannot be shown to impeach the written instrument. The authorities on the point were carefully reviewed by Judge Markell in *Trossbach v. Trossbach*, 185 Md. 47, 51, 42 A. 2d 905, 907. The rule was concisely summarized in the following language: "When land is conveyed upon an oral trust, a constructive trust arises if (a) the conveyance was procured by fraud (or otherwise wrongfully) or (b) the transferee was in a confidential relation to the transferor. * * * The original fraud may consist of an intention not to perform, and may be evidenced by the subsequent refusal to perform, together with other circumstances, such as activity in procuring the conveyance."

The demurrer, of course, admits the truth of the allegations of the bill. We think the allegations of the bill are sufficient to show an original intention not to perform as evidenced by his failure to contribute anything towards the support of the complainant. *Lipp v. Lipp*, 158 Md. 207, 219, 148 A. 531; *Levine v. Schofer*, 184 Md. 205, 40 A. 2d 324. At least they are sufficient to call for an answer. We also think they are sufficient to make out a *prima facie* case of a confidential relationship. *Cf. Hoffman v. Rickell*, 191 Md. 591, 62 A. 2d 597, 599. The contention that there is an adequate remedy at law is completely answered by *Lipp v. Lipp, supra*.

Nor do we find any merit in the contention as to laches. The appellant was obviously not prejudiced by the delay. *Cf. Boehm v. Boehm,* 182 Md. 254, 269, 34 A. 2d 447. There is no lack of necessary parties in the failure to join the purchasers, since the court authorized the conveyance and the trust can only be imposed upon the net proceeds after payment of the balance due on the first and second mortgages.

*Order affirmed, with costs.*